Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000526
24-MAY-2017
08:06 AM

NO. CAAP-16-0000526

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CAROLYN RINGOR, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-16-00198)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Carolyn Ringor (Ringor) appeals from the May 31, 2016 Judgment[1] and the June 20, 2016 Amended Judgment[2] entered in the District Court of the First Circuit, 'Ewa Division, in 1DTA-16-00198.[3]

Ringor was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2016).

On appeal, Ringor contends (1) the record does not demonstrate a waiver of her right to testify because the Tachibana colloquy conducted by the District Court was inadequate and (2) there was insufficient evidence to convict her.

---

[1]    The Honorable Alvin K. Nishimura presided.

[2]    The Honorable Clarence A. Pacarro presided.

[3]    This case was consolidated for trial with on 1DTI-1-15-174526, which is not the subject of this appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ringor's points of error as follows:

(1)  Ringor contends that the District Court failed to conduct an adequate Tachibana colloquy, failed to engage in a true exchange during the colloquy, failed to obtain an on-the-record waiver of her right to testify, and the errors were not harmless.  As we agree the District Court failed to obtain an on-the-record waiver of the right to testify when Ringor did not testify, we need not address Ringor's other contentions.  Tachibana v. State, 79 Hawai'i 226, 236, 900 P.3d 1293, 1303 (1995).

"Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt."  State v. Pomroy, 132 Hawai'i 85, 94, 319 P.3d 1093, 1102 (2014) (internal quotation marks omitted) (quoting Tachibana, 79 Hawai'i at 240, 900 P.2d at 1307).  Ringor did not testify at trial.  "It is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case.  The record in this case offers no clue to what [the defendant] would have said, under oath, on the witness stand."  Id. (quoting State v. Hoang, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (2000)).  Therefore, the error was not harmless beyond a reasonable doubt.  Id.

(2)  Upon review we conclude there was sufficient evidence to convict Ringor.  The Hawai'i Supreme Court has

> long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of

2

> sufficient quality and probative value to enable a
> person of reasonable caution to support a conclusion.
> And as trier of fact, the trial judge is free to make
> all reasonable and rational inferences under the facts
> in evidence, including circumstantial evidence.

State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (brackets omitted).

The State's case consisted primarily of the testimony of the arresting officer, whom the District Court found "very credible." Officer Thomas Billins (Officer Billins) observed Ringor operate her vehicle at 11:20 at night on the freeway without headlights, using a mobile device, moving from side to side within her lane, and at one point slow to 35 miles per hour. After Officer Billins turned on his lights and siren, Ringor, who was in the right lane, almost came to a stop in the rightmost lane, then crossed two lanes of traffic to the leftmost lane despite there being a right shoulder available. He used his PA system to instruct Ringor to move to the right shoulder which she did. However, after reaching the right shoulder, Ringor stopped abruptly, causing Officer Billins to reverse and reposition his vehicle behind Ringor's on the shoulder.

Officer Billins explained to Ringor that she was being stopped for using her cell phone, weaving, and headlights and asked for her documents. Ringor responded that she had lost her license, giving him her passport as identification, and told him that she did not own the vehicle so "was unfamiliar with the paperwork and the lighting situation." As Officer Billins spoke with Ringor he detected a strong odor of an alcoholic beverage. He also noticed that she had red and watery eyes. Ringor later volunteered to Officer Billins that "she only had a few drinks."[4] Officer Billins also detected the smell of alcohol as he transported Ringor to the police station.

---

[4] The parties stipulated to Officer Billins's training and qualification to administer the standardized field sobriety tests. Officer Billins then testified as to the instructions he gave Ringor and his observations regarding her performance on two of three of these tests. However, the District Court explicitly stated that "I don't count the field sobriety test as something that counts against her."

When all reasonable and rational inferences from the evidence are considered, there was substantial evidence of sufficient quality and probative value to enable a person of reasonable caution to support Ringor's conviction for OVUII. State v. Batson, 73 Haw. at 248-49, 831 P.2d at 931.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 31, 2016, and Amended Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on June 20, 2016 in the District Court of the First Circuit, 'Ewa Division, are vacated and the case is remanded for a new trial.

DATED:  Honolulu, Hawai'i, May 24, 2017.

On the briefs:

Allison M. Carkin,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4